**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **PATRICK BEST, Individually;** : | |
| **FERRELL SOLES, Individually;** : | |
| **PARKS W. COLWEL, JR.,** : | |
| **Individually; HENRY McGILL,** : | |
| **Individually; MATT HUGHES,** : | |
| **Individually; and THE RIVER MUSIC,** : | **Civil Action No.** |
| **INC.,** : | **7:06-CV-23 (HL)** |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **RALEY RECORDS AND** : | |
| **ENTERTAINMENT, INC., d/b/a** : | |
| **RALEY RECORDS, RALEY** : | |
| **ENTERTAINMENT, and RALEY** : | |
| **STUDIOS; CHERYL RALEY,** : | |
| **HAROLD RALEY and BRIAN** : | |
| **DRIGGERS, each Individually and** : | |
| **d/b/a RALEY RECORDS, RALEY** : | |
| **ENTERTAINMENT, and/or RALEY** : | |
| **STUDIOS,** : | |
| : | |
| **Defendants.** : | |

# ORDER

Defendants removed this matter from Lowndes County Superior Court on March 2, 2006, and allege diversity as the basis for jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. This is particularly important here as Defendants seek to remove an ongoing case from state court to federal court. As such, Defendants bear the burden of proving that federal jurisdiction exists.

Williams v. Best Buy Co., Inc., 269 F.3d 1316,1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998). As Defendants, in its Notice of Removal, properly alleged that the amount in controversy exceeds $75,000, the only jurisdictional issue concerns whether the parties are citizens of different states.

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974)).[1] Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.

Further, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (2000). Although

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

not defined by federal statue, a corporation's principal place of business has been defined by federal case law. Principal place of business is determined by analyzing the total activity of the corporation. <u>Village Fair Shopping Center v. Sam Broadhead Trust</u>, 588 F.2d 431, 434 (5th Cir.1979). The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. <u>See Vareka Investments, N.V. v. American Investment Properties, Inc.</u>, 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'"<u>MacGinnitie v. Hobbs Group</u>, 2005 WL 1922572,*3 (11th Cir. 2005) (quoting <u>Toms v. Country Quality Meats, Inc.</u>, 610 F.2d 313, 315 (5th Cir.1980). Accordingly, stating that a corporation was domiciled in and a resident of a particular state is not enough to establish the citizenship of a corporation.

Here, Defendants have failed to meet its burden. Defendants state that "[a]t all times relevant to this lawsuit, including the time of filing, Defendants Cheryl Raley, Harold Raley, and Raley Records, Inc. were domiciled in and residents of the State of Alabama and Defendant Brian Driggers was a resident of the State of Florida." Defendants' statement is sufficient to establish the citizenship of Defendant Cheryl Raley and Defendant Harold Raley; however, the statement does not establish the citizenship of Defendant Raley Records, Inc., or Defendant Brian Driggers. In addition, Defendants' Notice of Removal fails to even mention the citizenship of the individual or corporate plaintiffs. Accordingly, Defendants also fail to allege

complete diversity.  As that is insufficient to establish jurisdiction, Defendants have twenty days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Defendants fail to do so, the case will be remanded to the Lowndes County Superior Court for lack of jurisdiction.

**SO ORDERED**, this the 9th day of March, 2006.

                                  **/s/ Hugh Lawson**
                                  **HUGH LAWSON, Judge**

scs