**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **PATRICK BEST, Individually;** : | |
| **FERRELL SOLES, Individually;** : | |
| **PARKS W. COLWEL JR., Individually;** : | |
| **HENRY MCGILL, Individually; MATT** : | |
| **HUGHES, Individually; and THE RIVER** : | |
| **MUSIC, INC.;** : | |
|     **Plaintiffs,** : | |
| : | **Civil Action No. 7:06-cv-23** |
|     **v.** : | |
| : | |
| **RALEY RECORDS AND** : | |
| **ENTERTAINMENT, INC. d/b/a** : | |
| **RALEY RECORDS, RALEY** : | |
| **ENTERTAINMENT, and RALEY** : | |
| **STUDIOS; CHERYL RALEY, HAROLD** : | |
| **RALEY, and BRIAN DRIGGERS, each** : | |
| **individually and d/b/a RALEY** : | |
| **RECORDS, RALEY ENTERTAINMENT,** : | |
| **and/or RALEY STUDIOS;** : | |
| : | |
|     **Defendants.** : | |

**ORDER**

Defendants, Cheryl Raley, Harold Raley, and Raley Records and Entertainment, Inc. ("Raley Records"), have filed a Motion to Dismiss (Doc. 3) contesting personal jurisdiction. For reasons set forth below, Defendants' Motion is denied in part and granted in part.

**I. FACTS**

Accepting the allegations of the Complaint as true, the Court finds as follows: Defendant Brian Driggers ("Driggers") approached Plaintiffs, Patrick Best, Ferrell Soles, Parks W. Colwell, Jr., Henry McGill, and Matt Hughes, at a concert and stated he had spoken with

1

Defendants Cheryl and Harold Raley and presented them with Plaintiffs' recordings. Driggers further stated Raley Records "believed strongly" in Plaintiffs' band, but neither of the band's lead singers were strong enough to vocally perform at Nashville level. (Compl. ¶ 15.) Later that year, Driggers met with all of the Plaintiffs at the home of Patrick Best in Valdosta, Georgia, and expressed that Raley Records wanted to offer all the Plaintiffs a recording contract. At that time, Driggers made a contract offer, but stated it was contingent upon the band finding a qualified lead singer. Plaintiffs then forwarded demos of various artists whom they had auditioned to Raley Records, which were each rejected. Plaintiffs eventually found a satisfactory lead singer and Defendants directed the band to book studio time to record a demo with the new lead singer. Subsequently, at a meeting in Cairo, Georgia, Driggers informed Plaintiffs they were to be the "primary artists" for a "Down on the Farm Tour." (Compl. ¶ 28.)

After several months of negotiations with Driggers, an offer was made by Raley Records through Driggers in Thomasville, Georgia, which pertained to Plaintiffs' salaries, promotions, recordings, and tour expenses. The contract also specifically provided for a "guaranteed salary of $60,000 per year to each individual plaintiff for 15 months." (Compl. ¶ 29.) Plaintiffs thereafter agreed to begin work for Raley Records under the terms of the offer. Before Plaintiffs resigned from their respective occupations they inquired whether the Defendants' offer was a firm offer. Driggers assured Plaintiffs that the offer was good and that Raley Records' attorneys were "drawing up the 'record contract' to be signed by them at the time of recording." (Compl. ¶ 32.)

On November 4, 2002, Best and McGill began working with Raley Records and worked

directly with Cheryl Raley in Alabama. Best and McGill also agreed to a stipulated weekly payment plan and were accordingly paid by Raley Records. As part of the contract, Best and McGill were to be paid from "November 4, 2002 until December 31, 2003." (Compl. ¶ 36.) On January 24, 2003, Defendant Cheryl Raley contacted Best and McGill and informed them "as of December 31, 2002, Plaintiffs were no longer under contract to be paid by [Raley Records] and that their services were no longer needed." (Compl. ¶ 38.)

Plaintiffs subsequently brought claims against all Defendants for breach of contract, promissory estoppel, fraud and fraudulent inducement to enter contract, negligent misrepresentation, and attorney's fees.

## II. Personal Jurisdiction Standard

A motion to dismiss "at the pleading stage for lack of personal jurisdiction should . . . be treated with caution, and denied if the plaintiff alleges sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103, 104 (11th Cir. 1982). Determining whether a court can exercise personal jurisdiction over a non-resident defendant requires a two-part analysis. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). First, there must be a basis for asserting personal jurisdiction under the state's long arm statute. Id. The relevant part of Georgia's long arm statute provides,

> A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts [or] omissions, . . . enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, except as to a cause of action

>  for defamation of character arising from the act; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . ."

O.C.G.A. § 9-10-91 (Supp. 2005). Therefore, under Georgia's long arm statute, personal jurisdiction may be exercised if a non-resident (1) transacts business within the state, (2) commits a tortious act within the state, or (3) commits a tortious injury within the state, provided the nonresident regularly does business in or derives substantial revenue from the state. Id. Business transactions within the state are a basis for jurisdiction only in causes of action involving contract claims, while tortious acts and injuries within the state form the basis of jurisdiction in cases involving tort claims. Lutz v. Chrysler Corp., 691 F.2d 996, 997 (11th Cir. 1982). Further, for jurisdiction to be based on these contacts, the cause of action must arise directly from them. *See* O.C.G.A. § 9-10-91 (Supp. 2005).

Second, the exercise of personal jurisdiction must be constitutional by comporting with due process. Madara, 916 F.3d at 1514. Personal jurisdiction over a defendant comports with due process when "(1) the non-resident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997). To constitute minimum contacts "for purposes of specific jurisdiction, the defendant's contacts with the applicable forum must satisfy three criteria." Id. First, the contacts must be related to or give rise to plaintiff's cause of action. Id. Second, the contacts must involve some act by which the defendant purposefully avails himself of the privilege of conducting activities

within the forum, thus invoking the benefits and protections of its laws. Id. Third, the defendant's contacts with the forum must be such that he should reasonably anticipate being haled into court there. Id. Furthermore, even when the court finds sufficient minimum contacts, the question that remains is whether this is one of the rare cases in which minimum requirements inherent in the concept of fair play and substantial justice defeat the reasonableness of jurisdiction. Id at 1547. To make this determination, the court examines "the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief." Id.

## III. ANALYSIS

### A. RALEY RECORDS INC.

#### 1. Georgia's Long Arm Statute

Plaintiffs set forth multiple grounds for asserting jurisdiction under Georgia's long arm statute. Specifically, Plaintiffs contend that Defendants have transacted business, committed tortuous acts, and committed a tortuous injury in Georgia. Because the Court finds Raley Records' alleged business transactions are sufficient to establish a basis for jurisdiction under the long arm statute, the Court will not discuss the other grounds raised by Plaintiffs. The allegations of the Complaint are sufficient to show Raley Records' business interactions with Plaintiffs substantially took place in Georgia and directly gave rise to the causes of action Plaintiffs bring. Specifically, the Complaint alleges Raley Records engaged in the following business transactions within the State of Georgia: (1) directed Plaintiffs to record a demo with

their new lead singer (Compl. ¶ 26), (2) made a contract offer to Plaintiffs, through Driggers in Thomasville, Georgia, which Plaintiffs accepted (Compl. ¶¶ 29, 30), and (3) paid Best and McGill for their work (Compl. ¶ 35).  Further, Plaintiffs' claims for breach of contract, promissory estoppel, fraud and fraudulent inducement to enter contract, negligent misrepresentation, and attorney's fees all arise out of Raley Records' alleged business transactions within the State of Georgia.  Therefore, because Raley Records' alleged business transactions within the State of Georgia form the basis of Plaintiffs' claims, there is sufficient personal jurisdiction over Raley Records under Georgia's long arm statute.

### 2. Constitutional Personal Jurisdiction

As Plaintiffs have satisfied Georgia's long arm statute, the Court must next determine whether  constitutional personal jurisdiction exists.  The first part of the test for constitutional personal jurisdiction requires a defendant to have purposefully established minimum contacts within the forum.  The minimum contacts test is a three-part analysis.  The first criteria for proving sufficient minimum contacts requires a defendant's contacts with the forum to give rise to plaintiff's cause of action.  This criteria is met here because Plaintiffs' claims are all based on Raley Records' business transactions within Georgia.  The second criteria requires a defendant purposefully to avail itself of the privilege of conducting activities within the forum.  Here, through the contract formation, as well as Drigger's negotiations with Plaintiffs in Cairo, Georgia, Raley Records purposefully availed itself of the privilege of conducting activities within the forum state of Georgia.  The third criteria for minimum contacts

requires a defendant reasonably anticipate being haled to court in the forum. This criteria is also met because Raley Records' contract formation occurred in Georgia, and thus created a situation in which it should have reasonably anticipated being haled into court there.

The second part of the test for obtaining constitutional personal jurisdiction requires the exercise of personal jurisdiction not offend traditional notions of fair play and substantial justice. To determine if notions of fair play and substantial justice have been offended, the Court examines the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. Here, the burden on Raley Records to travel to the forum is not large as its home state of Alabama is in close proximity to Georgia. Furthermore, Georgia has a great interest in the claims made against Raley Records by Plaintiffs because the Plaintiffs are Georgia citizens. Lastly, these Plaintiffs have a great interest in obtaining relief in the forum because it is where they reside. Consequently, personal jurisdiction over Defendants would not offend notions of fair play and substantial justice. Therefore, the Complaint sets forth sufficient facts to support a reasonable inference that Raley Records can be subjected to jurisdiction within Georgia, and the Motion to Dismiss is denied insofar as it pertains to Raley Records.

### B. CHERYL AND HAROLD RALEY

#### 1. Georgia's Long Arm Statute

To meet the relevant sections of Georgia's long arm statute, Plaintiffs must allege sufficient facts to support a reasonable inference that Cheryl and Harold Raley either transacted business, committed a tortious act or omission, or caused a tortious injury within Georgia. Here,

the allegations contained in the factual portion of the Complaint, which reference the actions of Cheryl and Harold Raley, are as follows: (1) Defendants requested Plaintiffs record a demo with the band's new lead singer[1] (Compl. ¶ 26), (2) Plaintiffs worked with Cheryl Raley in Alabama (Compl. ¶ 34), (3) Cheryl Raley informed Plaintiffs they were no longer under contract to be paid and their services were no longer needed (Compl. ¶ 38). These allegations do not constitute business transactions, a tortious act or omission, or tortious injury caused within Georgia, and thus do not support a reasonable inference that Cheryl and Harold Raley met any of the relevant bases for personal jurisdiction under Georgia's long arm statute. Consequently, as personal jurisdiction is a two-part analysis, which first requires the forum's long arm statute be met, this Court lacks personal jurisdiction over Cheryl and Harold Raley.

### 2. Raley Records' Corporation Status

In Plaintiffs' response to Defendants' Motion to Dismiss, they argue Raley Records is not a corporation but an unincorporated general partnership and, therefore, Cheryl and Harold Raley are individually subject to personal jurisdiction within Georgia as a result of the actions of Raley Records and its agent, Driggers. Although this argument may have merit, the Court declines to consider it at this stage. A motion to dismiss for lack of personal jurisdiction at the pleading stage should be denied "if the plaintiff alleges sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction

---

1. The Complaint does not always specify which Defendant took what action. The Court will presume for purposes of this Order that the references to "defendants" in the factual portion of the complaint includes Cheryl and Harold Raley.

within the state." Bracewell, 680 F.2d at 104. Here, Plaintiffs' Complaint merely includes the statement that Raley Records is a "corporation, limited liability company, partnership, sole proprietorship or some other business entity . . . " (Compl. ¶ 2) and does not set forth the allegations Plaintiffs now wish the Court to consider. In order to address Plaintiffs' argument, the Court would have to consider matters outside the Complaint, which is not appropriate on motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is denied in part and granted in part. Although Plaintiffs' Complaint alleges sufficient facts to support the reasonable inference that this court has personal jurisdiction over Defendant Raley Records, Plaintiffs have not set forth facts sufficient to support a reasonable inference that Defendants Harold and Cheryl Raley can be subjected to jurisdiction within this state. Therefore, Defendants Harold and Cheryl Raley are dismissed for lack of personal jurisdiction.

**SO ORDERED,** this the 10th day of July, 2006.

s/     Hugh  Lawson
**HUGH LAWSON, Judge**

tjc